UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTOPHER JACKSON,
    Petitioner,

vs.                                Case No.:  4:22cv139/MW/ZCB

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, Christopher Jackson, has filed a habeas corpus petition under 28 U.S.C. § 2254. (Doc. 1). Respondent has answered the petition, and Petitioner has replied. (Doc. 14; Doc. 16). For the reasons below, Petitioner is not entitled to habeas relief.[1]

### I.    Factual Background

This case began on February 12, 2013, when three armed individuals burglarized a home in Tallahassee, Florida. (Doc. 14-1 at 99). Various items were stolen during the burglary, including an Apple iPhone. (*Id.*). Using Apple's "Find My iPhone" feature, officers were able

---

[1] This matter may be resolved without an evidentiary hearing. Rule 8(a), Rules Governing Section 2254 Cases.

1

to track the location of the stolen iPhone. (*Id.*). Officers had also obtained a description of the burglars from the victims. (*Id.*).

An officer on patrol saw a car with people in it who matched the description of the burglars. (*Id.* at 100). The car was also in the same location as the stolen iPhone. (*Id.*). The officer stopped the car and removed the occupants. (*Id.*). Backup arrived, and the officers conducted a "protective sweep" of the car, during which they opened the trunk. (*Id.*). Inside the trunk, officers found marijuana and a gun with an altered serial number. (*Id.*).

Other officers then brought the victims to the scene of the traffic stop. (*Id.*). The victims positively identified Petitioner and one of the car's other occupants as participants in the burglary. (*Id.*). Officers then arrested Petitioner and the other occupant. (*Id.*). The officers then searched the passenger compartment, wherein they found the stolen iPhone, other items associated with the burglary, and a gun. (*Id.*).

The State ultimately charged Petitioner with armed robbery, burglary of a dwelling with assault, aggravated assault with a firearm, possession of cannabis, and possession of a firearm by a convicted felon. (Doc. 14-1 at 54). Prior to trial, Petitioner—who was proceeding *pro se*—

joined two motions to suppress that were filed by his codefendants. The first motion sought to suppress the marijuana and gun found in the trunk. The second motion sought to suppress the iPhone and other evidence found in the passenger compartment.

The trial judge held two separate hearings on the motions to suppress. (Doc. 14-1 at 115, 141). The trial judge granted the first motion and suppressed the marijuana and gun found in the trunk. (Doc. 14-1 at 99). But the trial judge denied the second motion, finding that the search of the passenger compartment was permissible. (Doc. 14-1 at 151). The State then dismissed the marijuana and gun possession charges, and the case proceeded to trial on the remaining charges. (*Id.* at 151-52).

At the conclusion of trial, a jury convicted Petitioner of burglary of a dwelling, aggravated assault, and two counts of armed robbery. (Doc. 14-1 at 250-52; Doc. 14-5). The trial judge found that Petitioner was a prison releasee reoffender (PRR) under Florida law. Thus, he received an enhanced sentence of life imprisonment on the armed robbery counts, fifteen years on the burglary count, and five years on the aggravated assault count, to be served concurrently. (Doc. 14-1 at 256-68).

3

## II.     Procedural History

Following his conviction, Petitioner unsuccessfully challenged the PRR sentencing enhancement by filing a motion to correct sentence. (Doc. 14-7 at 1-10).  He also filed a direct appeal with the Florida First District Court of Appeal (First DCA).  (Doc. 14-11).  That court affirmed in a written opinion.  (Doc. 14-11).  Petitioner then sought (but did not obtain) review in the Florida Supreme Court and the United States Supreme Court.  (Docs. 14-16, 14-17, 14-18, 14-19, 14-20, 14-21).

Next, Petitioner filed a state habeas corpus petition with the First DCA.  (Doc. 14-22).  The First DCA denied that petition.  (Doc. 14-23). Additionally, Petitioner filed a Rule 3.850 postconviction motion with the trial court.  (Doc. 14-26 at 4).  The trial court denied that motion.  (Doc. 14-26 at 34).  After granting Petitioner a belated appeal, the First DCA summarily affirmed the denial of his Rule 3.850 motion.  (Docs. 14-35, 14-39).

Petitioner then turned his postconviction efforts to federal court by filing the current habeas corpus petition under 28 U.S.C. § 2254.  (Doc. 1).  His petition presents two claims.  First, Petitioner argues that the search of the car's passenger compartment violated the Fourth

4

Amendment. Second, Petitioner challenges the constitutionality of the PRR sentencing enhancement. Both claims will be discussed below, but neither have merit.

### III.  Discussion

**A.  Ground One:  "Fourth Amendment violation was established on August 13, 2014, secondary [sic] evidence in September 11, 2014 motion to suppress were [sic] fruits of the poisonous tree."**

In Ground One, Petitioner challenges the trial court's finding that officers lawfully searched the passenger compartment. Respondent argues that *Stone v. Powell*, 428 U.S. 465 (1976), precludes this claim. The Court agrees with Respondent.

The Supreme Court held in *Stone* that, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 494. A state provides an opportunity for full and fair litigation if there has been, "at least one evidentiary hearing in a trial court and the availability of meaningful appellate review when there are facts in dispute, and full

5

consideration by an appellate court when the facts are not in dispute." *Bradley v. Nagle*, 212 F.3d 559, 565 (11th Cir. 2000) (cleaned up).

Here, the state provided Petitioner with a full and fair opportunity to litigate his claim that officers violated the Fourth Amendment by searching the car's passenger compartment. As previously mentioned, there were two motions to suppress. The first involved the search of car's trunk. The trial judge held an evidentiary hearing on that motion. (Doc. 14-1 at 113-139). During the hearing, the officer who stopped the car (Officer Newhouse) testified. Officer Newhouse explained the circumstances surrounding the search of the trunk and the passenger compartment. Officer Newhouse testified that the passenger compartment was searched after the victims positively identified Petitioner and another occupant as the burglars, and after they had been arrested.

Following the evidentiary hearing, the trial judge granted the first motion because the protective sweep doctrine did not permit a search of the trunk. (Doc. 14-1 at 99, 101). On the heels of that ruling, the second motion to suppress was filed regarding the search of the passenger compartment. The motion argued that the search of the passenger

6

compartment was tainted by the illegal search of the trunk. The trial judge held a hearing on the second motion. But there was no testimony taken because the testimony at the first hearing had already addressed the search of the passenger compartment. (*See* Doc. 14-1 at 144) (explaining that there was no need for additional testimony at the second hearing). After hearing oral argument, the trial judge refused to suppress the evidence found in the passenger compartment. The trial judge found that the illegal search of the trunk did not taint the search of the passenger compartment—a search that occurred after the victims had positively identified Petitioner and another occupant as the burglars. (Doc. 14-1 at 150-51).

On direct appeal, Petitioner challenged the denial of the second motion to suppress. The First DCA found no Fourth Amendment violation and affirmed in a written opinion. *See Jackson v. State*, 241 So. 3d 914, 917 (Fla. 1st DCA 2018). According to the First DCA, the "search of the passenger compartment was justified as a search incident to arrest." *Id*.

As explained above, Petitioner had "at least one evidentiary hearing in a trial court and the availability of meaningful appellate

7

review." *Bailey*, 212 F.3d at 565. Thus, he had an opportunity for full and fair litigation of his claim that officers violated the Fourth Amendment by searching the passenger compartment. As a result, Petitioner "may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 494. The Court, therefore, rejects the claim raised in Ground One of the § 2254 petition.[2]

**B.     Ground Two: "Prison Releasee Reoffender portion of Petitioner's state custody sentence is unconstitutional on its face."**

In Ground Two, Petitioner challenges the constitutionality of the sentencing enhancements resulting from his PRR status.[3] (Doc. 1 at 7; Doc. 1-1 at 7-9). Under Florida's PRR statute, the trial judge was

---

[2] *See Sheffield v. Sec'y, Dep't of Corr.*, No. 16-15420-F, 2016 WL 9461762, at *2 (11th Cir. Dec. 14, 2016) (single judge order) (finding that defendant had full and fair opportunity to litigate Fourth Amendment claim where he had a hearing on his motion to suppress, the trial judge made findings, and meaningful appellate review was available); *see also White v. Sec'y, Fla. Dep't of Corr.*, No. 15-12950-F, 2015 WL 13936935, at *3 (11th Cir. Dec. 18, 2015) (single judge order) (finding that defendant had full and fair opportunity to litigate Fourth Amendment claim "because the state trial and appellate courts considered the claim").

[3] The PRR statute required the court to impose sentences of life (Counts 1 and 2), fifteen-years (Count 5), and five-years (Count 6). *See* Fla. Stat. § 775.082(9).

8

required to impose enhanced sentences if the prosecutor established, by a preponderance of the evidence at sentencing, that Petitioner committed the offenses within three years of his release from a state prison. Petitioner contends that after *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), a jury was required to find beyond a reasonable doubt the facts that led to PRR status and the resulting enhanced penalties.

Petitioner unsuccessfully raised this argument in the trial court. (Doc. 14-7 at 5-8, 10). He also raised it on direct appeal, where the First DCA rejected it in a written opinion. *Jackson*, 241 So. 3d at 917-18.

Because the state courts addressed this issue on the merits, to obtain habeas relief Petitioner must satisfy the standard found in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA standard is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted). Under AEDPA, a federal court may invalidate a state criminal conviction only if the state court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

9

United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

Here, Petitioner does not argue that the state courts unreasonably determined the facts. Thus, to obtain habeas relief he must satisfy § 2254(d)(1). And under § 2254(d)(1), a "state court's determination that a claim lacks merit precludes federal habeas review so long as fairminded jurists could disagree on the correctness of the state court's decision." *Hill v. Humphrey*, 662 F.3d 1335, 1345 (11th Cir. 2011) (cleaned up). Or put "more simply and maybe a little more clearly: if some fairminded jurist could agree with the state court's decision, although others might disagree, federal habeas relief must be denied." *Id.* (cleaned up).

In this case, a fairminded jurist could agree with the state courts that it was not unconstitutional for a judge to find by a preponderance the facts that led to Petitioner's PRR status. Under *Apprendi* and its progeny, any fact that increases the possible minimum or maximum sentence must be proven to a jury beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490; *Alleyne*, 570 U.S. at 116. There is, however, an exception that removes the fact of a prior conviction from the *Apprendi* rule's scope.

*See Almendarez-Torres v. United States*, 523 U.S. 224 (1998); *see also United States v. Perez*, 86 F.4th 1311, 1319 (11th Cir. 2023) (recognizing that *Apprendi* applies to facts "other than the fact of a prior conviction . . . .").

The date of release from prison (a factual finding required to trigger the PRR enhanced sentences) is not exactly the same as the bare fact of a prior conviction. But it has been consistently recognized[4] that the date of a defendant's release from prison is analogous to the fact of a prior conviction for purposes of applying the prior conviction exception to *Apprendi*. Thus, a fairminded jurist could agree with the state courts that it did not violate the U.S. Constitution for a judge to find by a preponderance the facts that led to Petitioner's PRR status. *See*

---

[4] *See, e.g.*, *Hackley v. Inch*, No. 4:17cv435, 2019 WL 1548583, at *15 (N.D. Fla. Jan. 28, 2019), *adopted by* 2019 WL 1548575 (denying habeas relief on claim that state courts violated *Apprendi* because jury did not find facts necessary for PRR status); *McGriff v. Sec'y, Dep't of Corr.*, NO. 3:15cv1281, 2018 WL 354956, at *6 (M.D. Fla. Jan. 10, 2018) ("[T]he fact that Petitioner committed his offenses within three years of being released from the FDOC is analogous to the fact of a prior conviction as it demonstrates recidivism."); *United States v. Pineda*, 133 F. App'x 455, 458 (10th Cir. 2005) (treating "the date the defendant was released from custody" the same as the fact of a conviction itself for purposes of determining what facts must be found by a jury).

11

*Chapman v. Sec'y, Fla. Dep't of Corr.*, No. 21-10137, 2022 WL 20303055, at *1 (11th Cir. June 3, 2022) (single judge order) (denying certificate of appealability on issue of whether *Apprendi* required a jury to find the facts required for defendant to have "PRR status"); *see also Callahan v. Fla. Dep't of Corr.*, No. 4:21cv450, 2023 WL 9065594, at *4 (N.D. Fla. Dec. 6, 2023), *adopted by* 2024 WL 37065 (finding petitioner was not entitled to habeas relief on claim that state courts violated *Apprendi* by having a judge rather than a jury find facts necessary for PRR status).

Moreover, even if Petitioner had satisfied the AEDPA standard and showed constitutional error, he still would not be entitled to habeas relief on Ground Two because the error was harmless under *Brecht v. Abrahamson*, 507 U.S. 619 (1993). *See Brown v. Davenport*, 596 U.S. 118, 122 (2022) (holding that federal habeas petitioners must satisfy both the *Brecht* harmless error standard and the AEDPA standard in order to obtain habeas relief). In *Brecht*, the Supreme Court held that a state prisoner may not receive habeas relief based on trial error unless the error had a "substantial and injurious effect or influence" on the outcome of the proceeding. 507 U.S. at 623 (1993).

12

Here, a rational jury would have clearly found that Petitioner was released from prison within three years of the date he committed the offenses charged in this case. The undisputed evidence established that Petitioner committed the current offenses on February 12, 2013. At Petitioner's sentencing, the prosecutor submitted the FDOC's "penitentiary pack" that showed his last prison release date was February 22, 2010. (Doc. 14-1 at 378-83). A jury presented with that evidence would have found beyond a reasonable doubt that Petitioner committed the current offenses within three years of his prior release from the FDOC. Accordingly, Petitioner is not entitled to habeas relief on Ground Two. *See Wilson v. Sec'y Dep't of Corr.*, No. 3:20cv5848, 2021 WL 3816615, at *32 (N.D. Fla. July 7, 2021), *adopted by* 2021 WL 3813360 (holding that petitioner could not satisfy *Brecht* standard regarding PRR status because the record established that petitioner committed the offenses on a certain date, and the FDOC's "pen pack" established the date of petitioner's release from prior custody).

## IV. Conclusion

For the reasons above, the Court should deny habeas relief in this case.

### V. Certificate of appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his [or her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (citing *Miller-El*, 537 U.S. at 327). Petitioner cannot make that

14

showing in this case. Therefore, the undersigned recommends denying a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if either party wishes to submit arguments on the issue of a certificate of appealability that party may do so in an objection to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 28th day of February 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or

recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.